IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE DISTRICT OF DELAWARE

UMAR CLARK, Plaintiff,

v.

AMERICAN EXPRESS COMPANY, Defendant.

25-34

**FILED** JAN 08 2025
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COMPLAINT

NOW COMES Plaintiff Umar Clark (hereinafter referred to as "Plaintiff"), pro se, filing this Complaint against Defendant American Express Company (hereinafter referred to as "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States, including the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and any related consumer protection laws.
2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendant conducts business in this district and the events giving rise to this action occurred within this district.

### PARTIES

3. Plaintiff Umar Clark is a consumer as defined by 15 U.S.C. § 1681a(c) and resides at 2201 Carlton Ln, Wilmington, DE 19810.
4. Defendant American Express Company is a corporation doing business nationwide, including in this district. Defendant's address is 1500 NW 136th Avenue, MC FL 05-03-17, Sunrise, FL 33323.

### FACTUAL BACKGROUND

5. Plaintiff is disputing the inaccurate reporting of payment history on Plaintiff's account ending in 31006 (the "Account") by Defendant.
6. Defendant's December 31, 2024, letter in response to Plaintiff's Consumer Financial Protection Bureau (CFPB) complaint confirms that the Account was charged off on December 13, 2024, and provides details of the alleged payment history.
7. Defendant's correspondence states that the last payment on the Account was made on February 14, 2024, in the amount of $345.00.
8. Despite Defendant's assertions, the payment history reported on Plaintiff's credit report does not match the payment history provided by Defendant in its correspondence.
9. Specifically, the payment summary provided by Defendant shows discrepancies, including but not limited to reported late payments in May 2024 through September 2024, which do not align with Defendant's records.

10. Furthermore, Plaintiff has discovered that the debt was securitized and transferred to The American Express Credit Account Master Trust (AECAMT) with the following details:
    - Employer Identification Number (EIN): 13-3632012 (EINTAXID)
    - Central Index Key (CIK) Number: 1003509 (SEC)
    - Address: 115 W Towne Ridge Pkwy, Room #454, Sandy, Utah 84070.
11. The debt was never transferred back to American Express, which means Defendant does not have the authority to collect on it. Additionally, Defendant failed to notify all consumer reporting agencies that the debt was disputed, in violation of their obligations under the Fair Credit Reporting Act. By continuing to report this debt, Defendant is falsely reporting on Plaintiff's consumer reports in violation of the Fair Credit Reporting Act.
12. As a direct and proximate result of Defendant's false reporting and failure to comply with the FCRA, Plaintiff has suffered significant harm, including but not limited to:
    - Destruction of Plaintiff's credit score, leading to denials of credit opportunities;
    - Increased interest rates on loans and credit products;
    - Emotional distress and physical harm, including hospitalization due to elevated blood pressure caused by the stress of dealing with Defendant's actions;
    - Accumulation of medical bills resulting from the aforementioned health complications.
    - 
    - 
    - 

# CAUSE OF ACTION

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 as though fully set forth herein.
14. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's dispute regarding inaccuracies in the reporting of Plaintiff's Account payment history.
15. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to investigate and correct inaccurate information on Plaintiff's account after receiving notice of the dispute from a credit reporting agency.
16. Defendant further violated 15 U.S.C. § 1681s-2(a) by furnishing inaccurate and misleading information regarding Plaintiff's Account payment history to the credit reporting agencies.
17. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered damages, including but not limited to loss of credit opportunities, harm to reputation, emotional distress, physical health issues, and financial losses from medical bills and high-interest rates.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and award the following relief:

A. Actual damages pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o;

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2);

E. Injunctive relief requiring Defendant to correct the inaccurate reporting of Plaintiff's payment history; and

F. Any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 01/01/2025

Respectfully submitted,


Umar Clark 2201 Carlton Ln Wilmington, DE 19810

umar.clark@yahoo.com