

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE.

**UMAR CLARK,**
Plaintiff,

v.

**AMERICAN EXPRESS
COMPANY,**
Defendant.

**Case No.: 1:25-cv-00034**

The Honorable Judge: Colm F. Connolly



## AMENDED COMPLAINT

NOW COMES Plaintiff Umar Clark (hereinafter referred to as "Plaintiff"), pro se, filing this

Amended Complaint against Defendant American Express Company (hereinafter referred to as

"Defendant") and states as follows:


## JURISDICTION AND VENUE


1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as it arises

   under the laws of the United States, including the Fair Credit Reporting Act (FCRA), 15

   U.S.C. § 1681 et seq., and any related consumer protection laws.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE.**

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendant

   conducts business in this district, and the events giving rise to this action occurred within

   this district.

## PARTIES

3. Plaintiff Umar Clark is a consumer as defined by 15 U.S.C. § 1681a(c) and resides

   at 2201 Carlton Ln, Wilmington, DE 19810.

4. Defendant American Express Company is a corporation doing business nationwide,

   including in this district. Defendant's address is 1500 NW 136th Avenue, MC FL 05-03-

   17, Sunrise, FL 33323.

## FACTUAL BACKGROUND

5. Plaintiff is disputing the inaccurate reporting of payment history on Plaintiff's account

   ending in 31006 (the "Account") by Defendant.

6. Defendant's December 31, 2024, letter in response to Plaintiff's Consumer Financial

   Protection Bureau (CFPB) complaint confirms that the Account was charged off

   on December 13, 2024, and provides details of the alleged payment history.

7. Defendant's correspondence states that the last payment on the Account was made

   on February 14, 2024, in the amount of $345.00.

8. Despite Defendant's assertions, the payment history reported on Plaintiff's credit report

   does not match the payment history provided by Defendant in its correspondence.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE.**

9.  Specifically, the payment summary provided by Defendant shows discrepancies, including but not limited to reported late payments in May 2024 through September 2024, which do not align with Defendant's records.

10. Furthermore, Plaintiff has discovered that the debt was securitized and transferred to The American Express Credit Account Master Trust (AECAMT) with the following details:

    o   Employer Identification Number (EIN): 13-3632012 (EINTAXID)

    o   Central Index Key (CIK) Number: 1003509 (SEC)

    o   Address: 115 W Towne Ridge Pkwy, Room #454, Sandy, Utah 84070.

11. The debt was never transferred back to American Express, which means Defendant does not have the authority to collect on it.

12. Defendant failed to notify all consumer reporting agencies that the debt was disputed, in violation of their obligations under the Fair Credit Reporting Act.

13. By continuing to report this debt, Defendant is falsely reporting on Plaintiff's consumer reports in violation of the FCRA.

14. On January 6, 2025, Plaintiff disputed the inaccurate reporting of the Account with Experian, as shown in Exhibit D.

15. One week later, Experian informed Plaintiff that the information had been "verified" by Defendant, despite the inaccuracies.

16. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's dispute.

17. Defendant failed to correct the inaccurate date of last payment, which Defendant reported as February 14, 2024, despite Plaintiff providing proof of a later payment.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE.

18. Defendant failed to correct the inaccurate charge-off date, which Defendant reported as October 2024, despite Defendant's own records showing the charge-off date as December 13, 2024, as evidenced by Exhibit E.

19. Defendant failed to notify CRAs that the debt was disputed, as required by the FCRA.

20. Defendant's inaccurate reporting has caused significant harm to Plaintiff's credit score.

21. Plaintiff was denied a car loan with an interest rate of over 17% on November 1, 2024, due to Defendant's false reporting.

22. Plaintiff was denied a $20,000 business loan on December 1, 2024, by Vader Mountain Capital, which Plaintiff needed to sustain his full-time entrepreneurial business. The denial letter from Vader Mountain Capital is attached as Exhibit C.

23. Plaintiff suffered emotional distress and physical harm, including hospitalization on December 17, 2024, at Emory Healthcare in Georgia, where Plaintiff was treated for difficulty breathing caused by stress.

24. The attending physician confirmed that Plaintiff's symptoms were stress-related, as documented in Exhibit A.

25. Plaintiff incurred medical bills totaling $10,347.82 as a result of the aforementioned health complications, as evidenced by the hospital bill attached as Exhibit B.

26. Defendant's actions have caused Plaintiff to suffer financial losses, including but not limited to high-interest rates on loans and credit products.

27. Defendant's actions have caused Plaintiff to suffer harm to his reputation.

28. Defendant's actions have caused Plaintiff to suffer emotional distress.

29. Defendant's actions have caused Plaintiff to suffer physical health issues.

30. Defendant's actions have caused Plaintiff to suffer financial losses from medical bills.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE.**

31. Defendant's actions have caused Plaintiff to suffer financial losses from high-interest rates.

32. Defendant's actions have caused Plaintiff to suffer financial losses from denied credit opportunities.

33. Defendant's actions have caused Plaintiff to suffer financial losses from the denial of a business loan.

34. Defendant's actions have caused Plaintiff to suffer financial losses from the denial of a car loan.

35. Defendant's actions have caused Plaintiff to suffer financial losses from the denial of a mortgage loan.

36. The payment history provided by Defendant does not match the payment history reported on Plaintiff's consumer reports, as shown in Exhibit F

37. On January 2, 2025, Plaintiff attempted to settle this matter amicably by sending a demand letter to Defendant through their electronic dispute system. Defendant acknowledged receipt of the demand letter, as shown in Exhibit G.

## CAUSE OF ACTION

### COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681s-2(b))

I. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 as though fully set forth herein.

II. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's dispute regarding inaccuracies in the reporting of Plaintiff's Account payment history.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE.

III. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to investigate and correct inaccurate information on Plaintiff's account after receiving notice of the dispute from a credit reporting                                                                                                     agency.

IV. Defendant further violated 15 U.S.C. § 1681s-2(a) by furnishing inaccurate and misleading information regarding Plaintiff's Account payment history to the credit reporting agencies.

V. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered damages, including but not limited to loss of credit opportunities, harm to reputation, emotional distress, physical health issues, and financial losses from medical bills and high-interest rates.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and award the following relief:

A. Actual damages pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o, including but not limited to:

- $10,347.82 for medical bills (Exhibit B);
- $20,000 for the denied business loan (Exhibit C);
- Compensation for emotional distress, physical harm, and other financial losses;
    B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);
    C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);
    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE.**

U.S.C. § 1681o(a)(2);

E. Injunctive relief requiring Defendant to correct the inaccurate reporting of Plaintiff's

payment history; and

F. Any other relief this Court deems just and proper.

---

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: 01/31/2025

Respectfully submitted,

**Umar Clark**

2201 Carlton Ln

Wilmington, DE 19810

**umar.clark@yahoo.com**